IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| THOMAS JEFFREY STONE | § | |
| v. | § | CIVIL ACTION NO. 6:06cv456 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Petitioner Thomas Stone, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

In his petition, Stone says that he was given a false disciplinary case for creating a disturbance, by Officers Taylor and Haak, who assaulted him without justification. He also mentioned a number of other matters, including the medical care which he received and the conditions of confinement in solitary. As punishment for the alleged disciplinary infraction, Stone received 15 days of solitary confinement and the loss of 30 days of good time, as well as a one-to two-year set-off from parole. Stone stated that he was serving a sentence for robbery and that he was not eligible for release on mandatory supervision.

After review of the pleadings, the Magistrate Judge issued a Report on November 7, 2006, recommending that the petition be denied. The Magistrate Judge stated that Stone's allegations which did not relate to the validity of the disciplinary case, including the use of force against him, the medical care he received, and the conditions in solitary confinement, were not properly part of this habeas corpus action because they did not relate to the fact or length of his

1

confinement. Accordingly, the Magistrate Judge recommended that these claims be dismissed without prejudice.

Turning to Stone's claims regarding the validity of the disciplinary case, the Magistrate Judge applied the analytical framework of <u>Sandin v. Conner</u>, 115 S.Ct. 2293 (1995). In that case, the Supreme Court held that the States may, under certain circumstances, create liberty interests which are protected by the Due Process Clause, but these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. <u>Sandin</u>, 115 S.Ct. at 2301.

Prior to <u>Sandin</u>, the courts had emphasized the dichotomy between mandatory and discretionary state regulations. *See* <u>Hewitt v. Helms</u>, 459 U.S. 460 (1983); <u>Giovanni v. Lynn</u>, 48 F.3d 908 (5th Cir. 1995) (analyzing the liberty interest presented in the context of the language of the regulations involved). Under this line of cases, inmates were no longer required to show an interest of "real substance" or that they faced a "grievous loss" of liberty retained after incarceration; instead, the inquiry shifted from the nature of the deprivation to the language of the regulations. <u>Sandin</u>, 115 S.Ct, at 2299; *see* <u>Olim v. Wakinekona</u>, 461 U.S. 238 (1983) (liberty interest in interstate transfer revolved around language of regulation); <u>Kentucky Department of Corrections v. Thompson</u>, 490 U.S. 454 (1989) (liberty interest in visitation privileges revolved around language of regulation).

In <u>Sandin</u>, however, the Supreme Court announced that this analytical framework has "strayed from the real concerns undergirding the liberty protected by the Due Process Clause" and stated that "it is time to return" to the principles set out in <u>Wolff</u> and <u>Meachum</u>. <u>Sandin</u>, 115 S.Ct. at 2300. Rather than examining the language of the regulations, the Court stated that the operative interest involved was the nature of the deprivation. Hence, the Court specifically disapproved of the

mandatory or discretionary language analysis set out in Hewitt and its progeny. Sandin, 115 S.Ct. at 2300 and n.5.

Instead, as noted above, the Court held that the States may, under certain circumstances, create liberty interests which are protected by the Due Process Clause, but these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Sandin, 115 S.Ct. at 2301.

In applying the Sandin analysis to Stone's case, the Magistrate Judge determined that Stone failed to show that the nature of the deprivation involved in his case amounted to a violation of any constitutionally protected liberty interests. Specifically, the Magistrate Judge observed that the deprivations imposed upon Stone included 15 days of solitary confinement, a set-off in parole eligibility, and the loss of 30 days of good time. The Magistrate Judge, citing Fifth Circuit precedent, concluded that the punishments of solitary confinement and a set-off for parole eligibility do not impose an atypical and significant hardship on inmates in relation to the ordinary incidents of prison life. Pichardo v. Kinker, 73 F.3d 612, 613 (5th Cir. 1996); Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000). Consequently, the Magistrate Judge said, these punishment do not implicate any constitutionally protected liberty interests and so Stone's claims concerning them are without merit.

Stone also lost 30 days of good time. The Magistrate Judge stated that under certain conditions, the loss of good time could inflict a punishment imposing an atypical and significant hardship upon an inmate, because the loss of such time could result in the denial of a liberty interest in early release from prison. This condition exists where an inmate is eligible for release on mandatory supervision. *See* Madison v. Parker, 104 F.3d 765 (5th Cir. 1997) (release on mandatory supervision is arguably a liberty interest in the State of Texas). However, the Magistrate Judge continued, Stone concedes that he is not eligible for release on mandatory supervision.

3

Thus, the loss of good time serves only to affect his possible release on parole. As the Magistrate Judge said, there is no constitutional right to release on parole in the State of Texas. Creel v. Keene, 928 F.2d 707, 708-09 (5th Cir. 1991); Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995). Under these circumstances, the loss of good time credits do not affect a constitutionally protected right, but only the "mere hope" of release on parole. This hope is not protected by due process. *See* Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 11 (1979); *accord*, Gilbertson v. Texas Board of Pardons and Paroles, 993 F.2d 74, 75 (5th Cir. 1993).

Furthermore, the Magistrate Judge continued, the timing of Stone's release is too speculative to give rise to a constitutionally protected liberty interest. Malchi, 211 F.3d at 959. As a result, Stone failed to show the deprivation of a constitutionally protected liberty interest in the loss of his good time, and so the Magistrate Judge recommended that the petition be dismissed.

In his objections, Stone says first that the information concerning the non-habeas issues was put in the petition as background material, not as discrete claims, and asks that they be "withdrawn," so that he may pursue relief under Section 1983 if he sees fit. The Magistrate Judge recommended that these issues be dismissed without prejudice so as to preserve Stone's right to refile them in a proper proceeding.

Turning to the habeas issue, Stone says that when a state creates a right to good time, as Texas has, and recognizes that its revocation is an authorized sanction for misconduct, the Fourteenth Amendment creates a liberty interest under the Due Process Clause. He says that the prison guards, Taylor and Haak, must comply with the Texas Penal Code, but violated sections dealing with abuse of official capacity and official oppression; Stone says that these sections of Texas law "are in fact a state created liberty interest," as are sections of the Texas Government Code dealing with employee assaults upon inmates. Stone argues that the violations of the law by Taylor and Haak violate "a state created due liberty interest to have equal protection of the law." He adds that the "mandatory language" in Tex. Gov. Code art. 494.002 creates a liberty interest, as does the fact that prison rules were not followed in the conduct of the hearing. He cites Hewitt and Giovanni,

but overlooks the fact that the analytical framework set out in these cases was disapproved by the Supreme Court in <u>Sandin</u>. Stone goes through a lengthy explanation of how the disciplinary process works, saying that in 99 percent of cases, the guard simply says "he did it" and the prisoner loses. The only exception is if the prisoner has a witness who was a guard or prison employee. However, Stone says, this rarely happens, because if a guard does this, the word quickly spreads that the guard is not "taking care of his own."

Stone's objections are without merit. As noted above, he relies upon the analytical framework which was rejected by the Supreme Court in <u>Sandin</u>; in the proper analysis, it is the nature of the deprivation rather than the language of the regulations which determines whether or not a constitutionally protected liberty interest exists. In this case, as the Magistrate Judge concluded, Stone did not show that the nature of the deprivation which he suffered gave rise to a constitutionally protected liberty interest, a conclusion which follows from the Fifth Circuit's decision in <u>Malchi v. Thaler</u>, 211 F.3d at 959 (5th Cir. 2000).

Contrary to Stone's contention, Texas law specifically designates good time as a privilege rather than a right. Tex. Gov. Code art. 498.003(a). In addition , the purpose of good time is to advance eligibility for parole or mandatory supervision; Stone is not eligible for release on mandatory supervision, and parole is also a privilege rather than a right. <u>Allison v. Kyle</u>, 66 F.3d at 74. The fact that TDCJ-CID rules and regulations specify that good time can only be taken for major disciplinary infractions, or that mandatory language is used at various places in these rules and regulations, does not give to any constitutionally protected liberty interests. Similarly, Stone's assertions that the officers violated various provisions of the Texas Penal Code and Texas Government Code do not show that the nature of the deprivation imposed upon him by the disciplinary case was one which gives rise to a constitutionally protected liberty interest under <u>Sandin</u>. Stone's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that any and all issues raised or otherwise mentioned in this petition other than the validity of the disciplinary case, including but not limited to any allegations of excessive use of force, denial of medical care, and the cell conditions in solitary confinement, are DISMISSED without prejudice. The dismissal of this habeas corpus action shall have no effect upon the Petitioner's right to assert these claims in a proper proceeding. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 15th day of December, 2006.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE